UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| Alexandro Garza, individually and on behalf of all others similarly situated,<br><br>　　　　　　　　　　　Plaintiff,<br><br>　-v.-<br><br>Credit Corp Solutions Inc., and Scott & Associates, P.C.<br>　　　　　　　　　　　Defendants. | Case. No.: 4:22-cv-46<br><br>**CLASS ACTION COMPLAINT DEMAND FOR JURY TRIAL** |

Plaintiff Alexandro Garza ("Plaintiff") brings this Class Action Complaint by and through his attorneys, Stein Saks, PLLC, against Defendants Credit Corp Solutions Inc. ("Credit Corp") and Scott & Associates, P.C. ("Scott"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

**INTRODUCTION/PRELIMINARY STATEMENT**

1.　　The Fair Debt Collection Practices Act ("FDCPA") was enacted in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). This was because of the concern that "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2.　　The purpose of the Act was not only to eliminate abusive debt collection practices, but also to ensure "that those debt collectors who refrain from using abusive debt collection practices

1

are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate, *id.* at § 1692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

## JURISDICTION AND VENUE

3.  The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq. The Court has pendent jurisdiction over any State law claims in this action pursuant to 28 U.S.C. § 1367(a).

4.  Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where a substantial part of the events or omissions giving rise to the claim occurred and where Plaintiff resides.

## NATURE OF THE ACTION

5.  Plaintiff brings this class action on behalf of a class of consumers under § 1692 et seq. of Title 15 of the United States Code, also known as the Fair Debt Collections Practices Act ("FDCPA"), and

6.  Plaintiff is seeking damages and declaratory relief.

## PARTIES

7.  Plaintiff is a resident of the State of Texas, County of Fort Bend.

8.  Defendant Credit Corp is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692a(6) and used in the FDCPA.

9.  Credit Corp has an address for service at Corporation Service Company DBA CSC - Lawyers Inc., 211 E. 7th Street, Suite 620 Austin, TX 78701.

10. Defendant Credit Corp is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is the practice of law to attempt to collect debts alleged to be due itself or another.

11. Defendant Scott is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692a(6) and used in the FDCPA.

12. Scott has an address for service at National Registered Agents, Inc., 1999 Bryan St., Suite 900 Dallas, TX 75201.

13. Defendant Scott is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is the practice of law and that regularly attempts to collect debts alleged to be due to others.

## CLASS ALLEGATIONS

14. Plaintiff brings this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

15. The Class consists of:

   a. all individuals with addresses in the State of Texas;

   b. against whom Scott filed a collection lawsuit attempting to collect a consumer debt;

   c. on behalf of Credit Corp;

   d. requesting attorneys' fees of more than fifteen percent of the damages sought;

   e. arising out of a contract that stated, in sum and substance, "I agree to pay attorneys' fees not exceeding fifteen percent"; and

   f. Which suit was filed on or after a date one year prior to the filing of this action and on or before a date twenty-one days after the filing of this action.

16. The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

17. Excluded from the Plaintiff Class are the Defendants and all officers, members, partners, managers, directors and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

18. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendants' lawsuits against consumers, similar in the form to that attached as Exhibit A, violate 15 U.S.C. §§ 1692d, 1692e, and 1692f.

19. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor his attorneys have any interests, which might cause them not to vigorously pursue this action.

20. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   a. **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

   b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominance over any questions or issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as Exhibit A violate 15 U.S.C. §§ 1692d, 1692e, and 1692f.

    c. **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendants' common uniform course of conduct complained of herein.

    d. **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor his counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

    e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

21. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

22. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

23. Plaintiff repeats the above allegations as if set forth here.

24. According to the lawsuit described more fully below, on or about April 13, 2018, Plaintiff allegedly incurred a private loan obligation ("Debt") to non-party Bbva Compass Bank ("Compass").

25. The obligation arose out of a transaction involving a debt in which money, property, insurance or services, which are the subject of the transaction(s), were incurred solely for personal purposes, specifically a personal loan.

26. The alleged Compass obligation is a "debt" as defined by 15 U.S.C.§ 1692a (5).

27. Compass is a "creditor" as defined by 15 U.S.C. § 1692a (4).

28. According to the lawsuit described more fully below, Credit Corp is an assignee of the Compass debt.

29. Upon information and belief, Credit Corp retained Defendant Scott to collect the alleged debt.

30. Defendants collect and attempt to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of themselves or other creditors using the United States Postal Services, telephone and internet.

*Violations – Collections Lawsuit*

31. On or about November 24, 2021, Defendant Scott filed a collections lawsuit in 240th Judicial District Court of Fort Bend County, Texas against Plaintiff to collect the alleged Compass debt ("Lawsuit").  See the Complaint in the Collections Suit, attached as Exhibit A.

32. Plaintiff disputes the amount of the alleged Debt and the amounts sought.

33. Defendants requested $29,859.03 in damages in the Lawsuit.

34. Defendants requested $7,464.76 in attorneys' fees in the Lawsuit.

35. The requested attorneys' fees are 25% of the damages sought.

36. Defendants attached a promissory note to the Complaint in the Lawsuit.

37. The promissory note states that the Borrower (Plaintiff here), "agree[s] to pay attorneys' fees not exceeding fifteen percent (15%) of the unpaid debt after default…".

38. The attorneys' fees requested in the Lawsuit exceed fifteen percent of the unpaid debt after default.

39. The attorneys' fees requested in the Lawsuit exceed fifteen percent of the unpaid debt after default by an additional ten percent of the unpaid debt after default.

40. Defendants requested more attorneys' fees than permitted by the controlling contract upon which they initiated the Lawsuit.

41. Defendants were not entitled to 25% attorneys' fees.

42. In addition, a 25% attorneys' fee is unreasonable in light of the actual work done up to when the Lawsuit was filed.

43. The 25% fee request is done in order to gain leverage in settlement discussions with debtors.

44. It makes it appear that the total amount sought is higher so whatever settlement is offered looks more reasonable.

45. Defendants' actions threatened Plaintiff's rights and attempted to coerce payment from Plaintiff.

46. Plaintiff was therefore confused as to how to properly handle the Lawsuit and exercise his rights.

47. Plaintiff needed to consult with attorneys to defend himself from the improper Lawsuit.

48. Plaintiff also needed to hire an attorney to assist in handling his defense.

49. Plaintiff therefore expended time and money in response to Defendants' improper acts.

50. Defendants' actions were harassing, abusive, oppressive, false, deceptive, misleading, and unfair in its attempt to coerce Plaintiff to pay.

51. Congress is empowered to pass laws and is well-positioned to create laws that will better society at large.

52. The harms caused by Defendants have a close relationship to harms traditionally recognized as providing a basis for a lawsuit in American courts.

53. As it relates to this case, the common-law analogue is to the traditional torts of misrepresentation, malicious prosecution, wrongful use of civil proceedings, abuse of process, intimidation, negligent infliction of emotional distress, and fraud.

54. The common-law torts of malicious prosecution, wrongful use of civil proceedings, and abuse of process cause harm as the individual is compelled to defend against a fabricated claim which subjects him to the panoply of psychological pressure; a normal person subjected to this suffers at least some damages.

55. A party may pursue a wrongful civil litigation claim without showing any special kind of injury.

56. Conceptually, the tort of fraud is an interference with another's interest in being able to make certain kinds of decisions in certain settings free of misinformation generated by others.

57. Defendants showed a reckless disregard for causing Plaintiff to suffer from emotional stress.

58. Intimidation includes "unlawful coercion" and "putting [another] in fear". Black's Law Dictionary 1990.

59. The fear of the victim need not be so great as to result in terror, panic, or hysteria. Id.

60. Recovery may be had under the common law for negligent infliction of emotional distress without a showing of physically manifested harm.

61. For purposes of this action, only a close relationship to common-law harm needed, not an exact duplicate.

62. Plaintiff is entitled to receive proper debt collections communications and claims, and specifically not information that is improper or clouds or conceals this, as required by the FDCPA.

63. Defendants failed to effectively inform Plaintiff of this information, and in fact attempted to conceal it, in violation of the law.

64. The FDCPA ensures that debtors will use accurate, non-misleading information in choosing how to respond to collection attempts and how to manage and repay their debts.

65. The Lawsuit is false, deceptive, and misleading as to the amount of attorneys' fees.

66. It is deceptive to request such attorneys' fees in a consumer debt collection lawsuit.

67. This false, deceptive, or misleading actions prevent Plaintiff from determining what is allowed and the possible benefits and/or detriments to the consumer of the relevant facts.

68. Furthermore, this results in improper collection and settlements.

69. Plaintiff was therefore unable to evaluate his options of how to handle the Lawsuit.

70. Because of this, Plaintiff expended time, money, and effort in determining the proper course of action.

71. In addition, Plaintiff suffered emotional harm due to Defendants' improper acts.

72. These violations by Defendants were knowing, willful, negligent and/or intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violations.

73. Defendants' collection efforts with respect to this alleged debt from Plaintiff caused Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides Plaintiff with the legally protected right to be not to be misled or treated unfairly with respect to any action for the collection of any consumer debt.

74. Defendants' deceptive, misleading, and unfair representations with respect to its collection efforts were material misrepresentations that affected and frustrated Plaintiff's ability to intelligently respond to Defendants' collection efforts because Plaintiff could not adequately respond to Defendants' demand for payment of this debt.

75. As described above, Plaintiff was confused and misled to his detriment by the statements in the Lawsuit, and relied on the contents of the Lawsuit to his detriment.

76. As described above, Plaintiff would have pursued a different course of action were it not for Defendants' violations.

77. As a result of Defendants' deceptive, misleading and false debt collection practices, Plaintiff has been damaged.

### COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692e *et seq.*

78. Plaintiff repeats the above allegations as if set forth here.

79. Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

80. Pursuant to 15 U.S.C. § 1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

81. As described above, Defendants violated said section by falsely, deceptively and/or misleadingly collecting a debt in violation of §§ 1692e, 1692e (2), 1692e (4), 1692e (5), and 1692e (10).

82. By reason thereof, Defendants are liable to Plaintiff for judgment that Defendants' conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692f *et seq.*

83. Plaintiff repeats the above allegations as if set forth here.

84. Alternatively, Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

85. Pursuant to 15 U.S.C. § 1692f, a debt collector may not use any unfair or unconscionable means in connection with the collection of any debt.

86. A debt collector may also not collect any amount unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

87. Defendants violated this section by unfairly collecting the alleged debt as described above, in violation of §§ 1692f and 1692f (1).

88. By reason thereof, Defendants are liable to Plaintiff for judgment that Defendants' conduct violated Section 1692f et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT III
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692d *et seq.*

89. Plaintiff repeats the above allegations as if set forth here.

90. Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692d.

91. Pursuant to 15 U.S.C. § 1692d a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

92. Defendants violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with the collection of a debt.

93. Defendants violated said section as described above.

94. By reason thereof, Defendants are liable to Plaintiff for judgment that Defendants' conduct violated Section 1692d et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees

## DEMAND FOR TRIAL BY JURY

95. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of all others similarly situated, demands judgment from Defendants as follows:

   i. Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Eliyahu Babad, Esq. as Class Counsel;

   ii. Awarding Plaintiff and the Class statutory damages;

   iii. Awarding Plaintiff and the Class actual damages;

   iv. Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

   v. Awarding pre-judgment interest and post-judgment interest; and

vi. Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: January 6, 2022                                  Respectfully submitted,

**Stein Saks PLLC**

s/ Eliyahu Babad
By: Eliyahu Babad, Esq.
One University Plaza, Suite 620
Hackensack, NJ 07601
Phone: (201) 282-6500 ext. 121
Fax: (201) 282-6501
EBabad@SteinSaksLegal.com

*Attorneys for Plaintiff*